# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JOSEPH WEINFELD et al., <br><br> Plaintiffs, <br><br> vs. <br><br> BILL L. MINOR et al., <br><br> Defendants. | 3:14-cv-00513-RCJ-WGC <br><br> **ORDER** |

This is a shareholder derivative action filed in the U.S. District Court for the Eastern District of New York and transferred to this District for convenience of venue under 28 U.S.C. § 1404(a). The transfer of venue was the alternative relief requested by Defendants. The primary relief sought was dismissal for lack of personal jurisdiction, improper venue, failure to state a claim, and failure to plead with particularity. The parties dispute the effect of the transfer order on those issues. Plaintiff argues that the transfer ordered denied the motion on those bases, and Defendants argue that the transfer order simply did not rule on the issues. The parties have jointly asked the Court to settle the question.

The Court will rule on the Rule 8(a), 9(b), and 23.1 issues, as raised in the motion to dismiss. The Rule 12(b)(3) issue is now moot, as Defendants have obtained a transfer to a venue they admit is proper. As to personal jurisdiction, it is clear that there is general jurisdiction in Nevada over the domestic corporation (Defendant Precious Minerals Mining and Refining Corp.)

and the resident officer (Defendant Walter Marting, Jr.). *See Daimler AG v. Bauman*, 134 S. Ct. 746, 760–62 (2014).  Although specific jurisdiction over the non-resident officers (Defendants Bill Minor and John Reynolds) requires more than that they are officers of a Nevada corporation, *see Davis v. Metro Prods., Inc.*, 885 F.2d 515, 522 (9th Cir. 1989), the Court need not conduct such an analysis because those Defendants have submitted to this Court's jurisdiction by requesting a transfer to this Court.  Also, Defendants argued in their reply brief in the context of the transfer issue that this Court "unquestionably . . . [had] personal jurisdiction over the Defendants . . . ." (Defs.' Reply 11, ECF No. 22).  They prevailed on the transfer motion in part because the transferor court accepted that argument, and they are therefore judicially estopped from now denying that this Court has personal jurisdiction over them.  The remaining issues are Rule 8(a), 9(b), and 23.1.  The transfer order dedicates its entire analysis to §§ 1404(a) and 1406(a).  There is no indication that the transferor court intended to rule on the sufficiency of the allegations in the First Amended Complaint.  The Court will therefore issue a ruling on those aspects of the motion in due course.

## CONCLUSION

IT IS SO ORDERED.

Dated this 27th day of July, 2015.

_____
ROBERT C. JONES
United States District Judge