**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JOSEPH WEINFELD et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> BILL L. MINOR et al., ) <br> ) <br> Defendants. ) | 3:14-cv-00513-RCJ-WGC <br><br> **ORDER** |

This is a shareholder derivative action filed in the U.S. District Court for the Eastern District of New York and transferred to this District for convenience of venue under 28 U.S.C. § 1404(a). Two motions to dismiss are pending before the Court.

## I. PROCEDURAL HISTORY

Sixteen individuals and Congregation Beth Joseph brought this shareholder derivative action in the Eastern District of New York on behalf of Precious Minerals Mining & Refining Corp. ("PMMR") against PMMR President Bill Minor and PMMR Board Members John Reynolds and Walter Marting. The U.S. District Court for the Eastern District of New York transferred the case to this District under 28 U.S.C. § 1404(a) as an alternative to a request to dismiss for lack of personal jurisdiction and improper venue. The U.S. District Court for the Eastern District of New York did not rule on contemporaneous requests to dismiss for failure to

state a claim, failure to plead with particularity, and failure to comply with Rule 23.1, and those issues are the subject of the present Order.

## II. LEGAL STANDARDS

Rule 23.1 applies to shareholder derivative actions. Fed. R. Civ. P. 23.1(a). "The derivative action may not be maintained if it appears that the plaintiff does not fairly and adequately represent the interests of shareholders or members who are similarly situated in enforcing the right of the corporation or association." *Id.* A shareholder derivative complaint must be verified, must allege that the plaintiffs were shareholders at the time of the transaction complained of or that the plaintiff's share or membership was later obtained by operation of law, must affirmatively allege a lack of collusion to create jurisdiction, and must state with particularity any effort by the plaintiffs to obtain the desired action from the directors, shareholders, or members and the reasons for not obtaining the action or not making the effort.

## III. ANALYSIS

The First Amended Complaint ("FAC") lists five causes of action: (1) breach of fiduciary duties; (2) unjust enrichment; (3) abuse of control; (4) usurpation of corporate opportunities; and (5) ultra vires actions. (*See* First Am. Compl. 18–21, ECF No. 8). The Court will not address the Rule 8(a) and 9(b) issues at this time. The Court dismisses under Rule 23.1(b) because the FAC is not verified. (*See generally id.*). Indeed, it is not even signed by any attorney, (*see id.* 23), which makes the pleading completely uncognizable, *see* Fed. R. Civ. P. 11(a). Although the Court would normally give Attorneys Appel or Gallagher an opportunity to promptly sign and refile the FAC, *see id.*, the Court will not do that in the present case because it dismisses under Rule 23.1(b). A second amended complaint must be signed by an attorney and verified by one or more persons with personal knowledge of the allegations therein before the Court can proceed to address its merits.

**CONCLUSION**

IT IS HEREBY ORDERED that the Motions to Dismiss (ECF Nos. 13, 16) are GRANTED, with leave to amend.

IT IS SO ORDERED.

Dated this 26th day of August, 2015.

                                   _____
                                                ROBERT C. JONES
                                           United States District Judge