UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| JOSEPH WEINFELD et al., | ) ) ) | |
| Plaintiffs, | ) ) | 3:14-cv-00513-RCJ-WGC |
| vs. | ) ) | |
| BILL L. MINOR et al., | ) ) | **ORDER** |
| Defendants. | ) ) ) | |

This is a shareholder derivative action. Pending before the Court is a motion in limine.

I.    **FACTS AND PROCEDURAL HISTORY**

Sixteen individuals and Congregation Beth Joseph brought this shareholder derivative action in the Eastern District of New York on behalf of Precious Minerals Mining & Refining Corp. ("PMMR") against Bill Minor, John Reynolds, and Walter Marting for breach of fiduciary duties, unjust enrichment, abuse of control, usurpation of corporate opportunities, and ultra vires actions. PMMR is a Nevada corporation holding certain mining rights in Lyon County, which it exercises under permission of the U.S. Forest Service ("USFS") (which owns the relevant land) to mine a substance sold commercially as Orykta and used as fertilizer and animal feed. (Third Am. Compl. ¶ 1, ECF No. 54). From 1999 to 2001, Minor sold shares of PMMR to investors throughout the United States and Canada, including Plaintiffs, who are New York residents. (*Id.* ¶¶ 3, 31).

1    Minor used PMMR "as his own personal piggybank," selling Orykta to only one

2 customer in Costa Rica over a 14-year period. (*Id.* ¶ 5). Minor repeatedly misrepresented

3 PMMR's prospects to shareholders, including lying about a nonexistent imminent contract with

4 China, in order to deflect scrutiny, and he refused to entertain sales leads from them, even

5 threatening bodily harm when they made suggestions. (*Id.* ¶¶ 6–7, 49–64). Minor has used a

6 fraudulent stock transfer document purporting to transfer non-existent shares to himself in order

7 to falsely portray himself as a majority shareholder. (*Id.* ¶¶ 69–73). Minor made false promises

8 of dividend distributions in order to deflect questions about the viability of PMMR. (*Id.* ¶¶ 74–

9 76).

10    All Defendants consistently failed to provide basic information about PMMR to

11 shareholders, with Minor even threatening bodily harm when they made requests. (*Id.* ¶ 9).

12 Defendants have not produced an audited financial statement since 1995 and have produced only

13 one unaudited financial statement from the fourth quarter of 2009. (*Id.* ¶ 10). Defendants failed

14 to properly file for various business permits and to file correct tax returns, jeopardizing the

15 corporation's legal status. (*Id.* ¶¶ 11–13). The failure of Defendants to maintain compliance with

16 the USFS's terms of permissible activities has resulted in a criminal and civil investigation of

17 PMMR. (*Id.* ¶¶ 53–57).

18    Although PMMR obtained approximately $15–20 million from the sale of its stock to

19 shareholders, it has never made a profit and has failed to account for these funds. (*Id.* ¶¶ 78, 80).

20 Rather, Defendants have simply awarded themselves large compensation packages and paid

21 themselves large consultancy fees. (*Id.* ¶ 78). Minor also paid for his son's flying lessons using

22 PMMR's assets. (*Id.* ¶ 79).

23    Minor abused his control of PMMR by treating PMMR's assets as his own and

24 transferring PMMR's assets into his own name, i.e., the title of at least one of PMMR's mining

1   claims was transferred into Minor's name from 2007–2010. (*Id.* ¶¶ 81–83). At various times,

2   Minor transferred mining claims between himself and PMMR to suit his personal needs. (*Id.*

3   ¶ 84). Defendants have usurped corporate opportunities by selling Orykta through a company

4   named Wrightsville Fertilizer Co. ("WFC"); Plaintiffs deduce this from the fact that there is no

5   evidence WFC ever paid PMMR to purchase Orykta. (*Id.* ¶ 85). Defendants have engaged in

6   ultra vires actions by issuing stock, stock options, and rights without shareholder approval,

7   thereby diluting the value and control of existing shareholders. (*Id.* ¶ 86).

8        The U.S. District Court for the Eastern District of New York transferred the case to this

9   District under 28 U.S.C. § 1404(a) as an alternative to a request to dismiss for lack of personal

10  jurisdiction and improper venue. The transferor court did not rule on contemporaneous requests

11  to dismiss the First Amended Complaint ("FAC") for failure to comply with Rules 8(a), 9(b),

12  and 23.1(b). This Court dismissed the FAC under the latter rule and Rule 11(a) because it was

13  not verified or even signed by any attorney. Plaintiffs filed the Second Amended Complaint

14  ("SAC"), and Defendants moved to dismiss it. The Court ruled that the SAC was not precluded

15  by either of two previous actions litigated in the New York and Nevada state courts but

16  dismissed it with leave to amend because it failed to comply with Rule 23.1's requirement to

17  plead demand or futility with particularity. Plaintiffs filed the Third Amended Complaint

18  ("TAC"), and Defendants moved to dismiss it. The Court refused to dismiss the TAC under

19  Rule 23.1 but dismissed certain claims on the merits, with leave to amend some of them.

20  **II.   DISCUSSION**

21       Defendants have asked the Court to exclude any evidence proffered at trial that was not

22  produced during discovery. The Court denies the motion. The Court does not need to be

23  reminded of the rules generally, and Defendants identify no piece(s) of evidence they seek to

24  exclude, so the Court currently has no controversy before it.

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion in Limine (ECF No. 131) is DENIED.

IT IS SO ORDERED.

Dated this 20th day of July, 2017.

ROBERT C. JONES
United States District Judge