**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

JOSEPH WEINFELD, et al.,

    Plaintiffs,

vs.

BILL L. MINOR, et al.,

    Defendants.

3:14-cv-00513-RJC-WGC

**ORDER**

The Plaintiffs have filed a motion to strike (ECF No. 183) the Errata to Defendants' Motion for Attorneys' Fees (ECF No. 181). The Plaintiffs argue that the Errata was improperly filed and prejudices the Plaintiffs by denying them the opportunity to respond. For the following reasons, the Court grants the Plaintiffs' Motion to Strike in part.

**I.    FACTS AND PROCEDURAL HISTORY**

After this Court entered its Order Granting Defendants' Motion for Summary Judgment (ECF No. 157) and entered judgment accordingly (ECF No. 158), the Defendants filed a Motion for Attorneys' Fees and Costs (ECF No. 160). Along with their motion, on the same day, the Defendants filed documents to support their request for costs and attorneys' fees. However, these supporting documents were incorrectly filed, and the Court entered a notice on the following day that the Defendants' exhibits were filed incorrectly and needed to be refiled. (ECF No. 168.) The Defendants' complied with this notice on the same day and refiled Exhibit One (ECF No. 171)

and Exhibit Two (ECF No. 169) to their Motion for Attorneys' Fees. Following Plaintiffs' Response (ECF No. 176) that highlighted that Defendants' supporting documentation was still incomplete, Defendants' filed an Errata to Defendants' Motion for Attorneys' Fees.

## II. DISCUSSION

The Plaintiffs' argue that the Errata should be stricken because it is an attempt to improperly supplement the Defendants' Motion for Attorneys' Fees and Costs, and because it is untimely, which precluded the Plaintiffs from responding to it. Alternatively, the Plaintiffs seek leave to file a surreply in opposition to the Defendants' Errata. The Court agrees that the timing prejudiced the Plaintiffs and that the Plaintiffs should have an opportunity to respond. However, the Court disagrees that the Errata should be stricken from the record.

It is clear that the Defendants intended to submit all of the supporting documents found in the Errata as attachments to their original Motion for Attorneys' Fees. Throughout their motion, Defendants reference exhibits and supporting documents as if they were included. To cite just one example, the Defendants write:

> In addition to the $**179,747.50** the Defendants seek to recover in the attorneys' fees they incurred in this case and the $**15,021.48** they seek in taxable costs (as stated in the concurrently-filed bill of costs), the Defendants request that they be reimbursed for the $**2,822.15** that they have incurred in non-taxable costs. See Exhibits 1 and 2. Those costs include postage in the amount of **$327.87**; photocopy expenses in the amount of **$2,138.78**; **$215.50** in PACER expenses; and delivery/messenger expenses in the amount of **$140.00**. *See* Invoices provided with Exhibits 1 and 2. Additionally, the Defendants seek to recover the paralegal fees they reasonably incurred in the amount of **$36,396.00.** *See,* Exhibit A to Exhibit 1.

(Mot. for Att'y Fees and Costs 10:20–11:1, ECF No. 160.) Accordingly, it is unfitting to categorize the Errata as an attempt to supplement Defendants' motion. The information was referenced and cited throughout the original motion, but it was inadvertently excluded. The specific references to non-taxable costs above are figures taken directly from Michael J. Morrison's billing statement, which was a document that was not included in the original motion

or supporting documents that were filed, but it was clearly intended to be included. Thus, the Defendants are correct that inadvertence (or inattentiveness) is the best term to characterize the Defendants' errors, since it makes little sense to intentionally cite and reference absent documents. As such, the Court judiciously approves, retroactively, filing of Defendants' Errata to correct the incomplete and missing exhibits referenced in the Defendants' Motion. While the Defendants' mistakes are not admirable, this Court declines to exercise its discretion to strike the Errata. Rather, it finds that the interests of justice are better served by allowing the Plaintiffs to respond to the Errata and for this Court to fully consider all available evidence before ruling on the Defendants' Motion for Attorneys' Fees and Costs.

## CONCLUSION

IT IS HEREBY ORDERED that the Plaintiffs Motion is GRANTED IN PART. The Plaintiffs have fourteen days from the filing of this Order to file a surreply.

IT IS SO ORDERED.

_____
ROBERT C. JONES
United States District Judge
Dated: January 14, 2019.